UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | No. 24 C 1047 |
| v. ) | |
| ) | Judge Sara L. Ellis |
| TRACIE DICKEY, ) | |
| ) | |
| Defendant. ) | |

### OPINION AND ORDER

In 2019, a jury found Tracie Dickey guilty of wire fraud and forced labor. The Court sentenced Dickey to 144 months' imprisonment for each offense, to be served concurrently. Now, Dickey petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, asserting that this Court should vacate her conviction or sentence because she received ineffective assistance of counsel at trial and sentencing. Because the facts and law do not support that Dickey's counsel was ineffective, the Court denies her petition.

### BACKGROUND

Beginning in 2009, Dickey used her church to recruit followers whom she groomed and exploited. Dickey physically and mentally abused her followers, forcing them to disavow their families, live in the church, work multiple jobs, and provide all of their wages to her. Dickey required some of her victims to work at Hyatt hotels, where she instructed them to falsify hotel bookings in order to fraudulently direct kickbacks to Dickey's travel company.

In July 2016, the government charged Dickey with three counts of wire fraud and one count of forced labor. The government later dismissed two of the wire fraud charges. The remaining wire fraud and forced labor charge proceeded to trial.

Dickey changed defense counsel six times as her case progressed, and this Court granted her several continuances. On October 6, 2018, three days before the scheduled trial date, Dickey retained Victor Henderson as her attorney and moved for another continuance. The Court agreed to continue the trial from October 9, 2018, to February 4, 2019, giving Henderson approximately four months to prepare for trial. The Court warned Henderson that it would not grant another continuance, and that Henderson should not take Dickey's case if he felt that he did not have enough time to prepare. After receiving the Court's warning, Henderson continued with the representation.

In the months before trial, Henderson requested at least two times that the Court continue the trial again. The Court denied Henderson's requests as it had specifically stated previously that it would not move the trial, it had planned other trials around Dickey's planned trial, and further delay would burden the witnesses. Henderson also attempted to present an expert witness who would testify to whether the alleged victims in the case had voluntarily subjected themselves to Dickey's actions. The Court rejected this proposed expert testimony on the basis that it was untimely and that it sought to cover factual questions that were for the jury, not an expert witness, to determine. On January 23, 2019, Henderson also attempted to withdraw as counsel before trial, but the Court denied the motion.

The trial began on February 4, 2019, as scheduled. On February 15, 2019, a jury found Dickey guilty of both wire fraud and forced labor. Before the jury deliberated, the Court considered the parties' arguments regarding jury instructions. Dicky requested the following jury instruction:

> You should not consider the ways in which the Defendant exercised or practiced her religion in determining whether she is guilty of these charges. All individuals have a right to the free exercise of religion.

*United States v. Dickey*, No. 16 CR 475, Doc. 133 at 38 (N.D. Ill. July 26, 2016).  The Court did not agree to this instruction due to its potential to confuse the jury by suggesting that religion could shield a defendant from responsibility if the defendant violates a statute.  Instead, the Court provided a different jury instruction, directing the jury not to be influenced by any person's religion.

After trial, Henderson moved again to withdraw as Dickey's counsel, and Dickey retained new counsel for sentencing, Michael Leonard and Sami Azhari.  After receiving written materials from the government and defense, and considering testimony from both Dickey and the victims, the Court found that Dickey's lack of remorse and the circumstances of the case supported an upward variance from the sentencing guidelines range.  While the Court sentenced Dickey according to Sentencing Guideline § 2H4.1, Dickey's counsel did not argue that she qualified for a downward departure under Application Note 4 of that Sentencing Guideline, which permits a downward departure in some circumstances for offenders who did not act knowingly.  *See* U.S.S.G. § 2H4.1, app. n.4.  The Court sentenced Dickey to 144 months' imprisonment on each count to run concurrently and three years of supervised release.

Dickey appealed her conviction and sentence, arguing that the Court should have granted Henderson's request to continue her trial and given her proposed jury instruction regarding free exercise of religion.  *See United States v. Dickey*, 52 F.4th 680, 685 (7th Cir. 2022).  The Seventh Circuit affirmed this Court's decisions.  *Id.* at 688.  In making its ruling, the Seventh Circuit found the Court's decision to not continue the trial did not prejudice Dickey, as defense counsel "retain[ed] an expert, met with defendant, developed a cogent theory, cross-examined witnesses, presented witnesses who expressed 'willful devotion,' and made a forceful closing argument."  *Id.* at 686.

## LEGAL STANDARD

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "If the court finds that . . . there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

Where the movant "alleges facts that, if true, would entitle him to relief," the Court should hold an evidentiary hearing to "determine the issues and make findings of fact and conclusions of law with respect thereto." *Id.*; *Lafuente v. United States*, 617 F.3d 944, 946 (7th Cir. 2010). However, the Court does not need to hold an evidentiary hearing where the movant "makes allegations that are vague, conclusory, or palpably incredible, rather than detailed and specific." *Boulb v. United States*, 818 F.3d 334, 339 (7th Cir. 2016) (citation omitted); *see also Lafuente*, 617 F.3d at 946 ("To warrant further investigation, a petitioner must support a request with more than 'mere unsupported assertions[.]'"). Ultimately, the Court may deny a § 2255 motion without a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *McCleese v. United States*, 75 F.3d 1174, 1182 (7th Cir. 1996).

## ANALYSIS

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Const. amend. VI. Under the Sixth Amendment, defendants are entitled to the assistance of counsel who provide a threshold standard of representation to ensure a fair trial. *Strickland v. Washington*, 466 U.S. 668, 685 (1984). Thus, "the right to counsel is the right to the effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). If a convicted defendant believes that they have not received their right to effective assistance of counsel at trial, they may seek a remedy under 28 U.S.C. § 2255 by showing: (1) "that counsel's performance was deficient" and (2) that counsel's "deficient performance prejudiced their defense." *Strickland*, 466 U.S. at 687.

### A.   Trial Counsel's Performance

First, Dickey argues that Henderson was ineffective at trial because he was not prepared and failed to adequately investigate the case before trial. In support of this argument, Dickey points out that Henderson requested a continuance of trial after agreeing to take the case despite the Court having warned him that there would be no continuances, that Henderson moved to withdraw prior to trial, that Henderson attempted to present an expert witness that the Court rejected, and that Henderson offered a jury instruction that the Court also rejected. In short, Dickey argues that Henderson did not adequately investigate the case before agreeing to take it on the eve of trial, wasted time by pursuing an expert and jury instruction that "made no sense," and ultimately did not provide her with a strong defense.

The Court finds that this argument fails because Dickey has not articulated, and the record supports that she cannot articulate, a manner in which Henderson's allegedly deficient performance prejudiced her defense. The Court does not need to determine whether Henderson's

5

performance was deficient because Dickey did not suffer any prejudice. *See Hudson v. DeHaan*, 127 F.4th 1072, 1077 (7th Cir. 2024) ("We may decide a Strickland issue on either prong of the established test. '[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.'") (citation omitted). Regarding prejudice, "there is a presumption that [Dickey] has not suffered prejudice," and Dickey "must show that 'but for counsel's errors, there is a reasonable probability that the result would have been different.'" *Perrone v. United States,* 889 F.3d 898, 908 (7th Cir. 2018) (citations omitted). Henderson put forward a rigorous defense, presenting a coherent theory, cross-examining the government's witnesses, and putting on defense witnesses. *See Dickey*, 52 F.4th at 686. Henderson also represented to the Court that he had reviewed the discovery in the case and met with Dickey multiple times to go over the case materials with her. Nothing suggests that the result of Dickey's trial would have been different if Henderson had not accepted the representation, requested additional continuances, attempted to present the rejected expert, or presented the free exercise jury instruction. Therefore, Dickey cannot succeed on her ineffective assistance of trial counsel claim.

**B.   Sentencing Counsel**

Dickey argues that Leonard and Azhari were ineffective at sentencing for failing to argue for a downward departure pursuant to Sentencing Guideline § 2H4.1, Application Note 4. This Application Note states:

> In a case in which the defendant was convicted under 18 U.S.C. §§ 1589(b) or 1593A, a downward departure may be warranted if the defendant benefitted from participating in a venture described in those sections without knowing that (i.e., in reckless disregard of the fact that) the venture had engaged in the criminal activity described in those sections.

U.S.S.G. § 2H4.1, app. n.4.

6

Dickey does not qualify for a downward departure under Sentencing Guideline § 2H4.1, Application Note 4 because she was not convicted under 18 U.S.C. §§ 1589(b) or 1593A. Sections 1589(b) and 1593A criminalize various aspects of knowingly benefiting from forced labor, slavery, or trafficking. *See* 18 U.S.C. §§ 1589(b), 1593A. Section 1589(a) states that it is a crime to "knowingly provide[] or obtain[] the labor or services of a person" through force, threats of force, physical restraint, serious harm, threats of serious harm, or abuse of law or legal process. 18 U.S.C. § 1589(a). Although the indictment and jury verdict do not explicitly state which specific subsection of § 1589 Dickey was convicted of violating, the language of the indictment, jury instructions[1], and other court documents make clear that Dickey was convicted of violating 18 U.S.C. § 1589(a), not § 1589(b). *See, e.g.*, *United States v. Dickey*, No. 16 CR 475, Docs. 1, 136, 149. For example, in the indictment, the government alleged that Dickey "did knowingly provide and obtain the labor and services of Victim B, by means of: (a) threats of serious harm, and threats of physical restraint," which almost directly mirrors the exact language in § 1589(a) and contains no reference to the elements of § 1589(b). *Id.*, Doc. 1.

Therefore, Dickey's counsel was not ineffective for failing to raise an argument that would have been frivolous, as Dickey plainly does not qualify for the Sentencing Guideline § 2H4.1, Application Note 4 downward departure. *See Sandoval v. United States*, No. 21 C 4157, 2022 WL 2872759, at *7 (C.D. Ill. July 21, 2022) (finding that a prisoner's attorney was not ineffective for failing to argue for a sentencing reduction that the prisoner did not qualify for, as failing to make a frivolous argument is not grounds for arguing ineffective assistance of counsel); *Carpenter v. United States*, 492 F. Supp. 2d 912, 922 (N.D. Ill. 2007) ("[Prisoner]'s

---

[1] The Court recognizes that in the government's proposed jury instruction No. 22, the government cited to § 1589(b) as the legal source for its jury instruction regarding forced labor. *United States v. Dickey*, No. 16 CR 475, Doc. 133. However, after review, the Court concludes this was a typographical error because, in fact, the language of that proposed jury instruction closely mirrors the language of § 1589(a) and does not include any of the language of § 1589(b).

attorney was not constitutionally ineffective for failing to make what would have been another frivolous argument."). Dickey's ineffective assistance of counsel claim based on sentencing therefore fails.

### C. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the Court must issue or deny a certificate of appealability when it enters a final order adverse to a petitioner. A habeas petitioner is entitled to a certificate of appealability only if the petitioner can make a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing 28 U.S.C. § 2253(c)(2)). To make a substantial showing, the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). The requirement of a certificate of appealability is a threshold issue, and a determination of whether one should issue a certificate neither requires nor permits full consideration of the factual and legal merits of the claims. "The question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Miller-El*, 537 U.S. at 342.

For the reasons stated above, the Court finds no showing of a substantial constitutional question for appeal because reasonable jurists would not find this Court's rulings debatable. *See Lavin v. Rednour*, 641 F.3d 830, 832 (7th Cir. 2011) (citing *Slack*, 529 U.S. at 484–85). Accordingly, the Court declines to issue a certificate of appealability.[2]

---

[2] The Court also finds that no hearing is necessary because the files and records of the case conclusively show that Dickey is entitled to no relief. 28 U.S.C. § 2255(b).

## CONCLUSION

For the reasons stated above, the Court denies Dickey's § 2255 petition to vacate her conviction or modify her sentence [1] and declines to issue a certificate of appealability.

Dated: March 13, 2025

_____
SARA L. ELLIS
United States District Judge